UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY ALLAN JAMES,

                Plaintiff,

      -against-

U.S. DEPARTMENT OF EDUCATIONS OCR, *et al.*,

               Defendants.

22-CV-10051 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff is proceeding in this matter *pro se* and *in forma pauperis* (IFP). By order dated February 14, 2023, the Court granted Plaintiff's request for leave to file an amended complaint.

    Plaintiff has now submitted a letter in this case seeking the recusal of Judge Rearden and Judge Parker from another case that Plaintiff has pending in this court. *See James v. State Univ. of New York,* No. 22-CV-4856 (JHR) (KHP) (S.D.N.Y. filed June 9, 2022) (*James I.*) In that letter, Plaintiff alleges that it "is critical that there not be a significant likelihood of bias here and a recusal is appropriate." (ECF 10 at 1.) Plaintiff has requests for reassignment and recusal pending in *James I,* and he also filed in *James I* the identical letter filed in this case, No. 22-CV-4856, ECF 59-60, 62-64.

    A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff has already moved for recusal and reassignment in *James I*, and it falls within the discretion of the judge presiding over that case to adjudicate those applications. A chief judge is not authorized to adjudicate a recusal motion pending before another judge. Accordingly, Plaintiff's request for recusal is denied without prejudice to the applications pending in *James I*.

## CONCLUSION

Plaintiff's letter requesting recusal (ECF 10) is denied without prejudice to the applications pending in *James I.*

Plaintiff's amended complaint is due within sixty days of the date of the February 14, 2023 order. Plaintiff must file his amended complaint with this Court's Pro Se Intake Unit, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-10051 (LTS).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 1, 2023
           New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge