UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY ALLAN JAMES,

                            Plaintiff,

            -against-

U.S. DEPARTMENT OF EDUCATION'S OCR;
EBONE WOODS; GARY KIANG; SUNY;
WELL LIFE NETWORK INCORPORATED,

                            Defendants.

22-CV-10051 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the court's federal question

jurisdiction, asserting claims of fraud and defamation. By order dated December 7, 2022, the

Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without

prepayment of fees. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff initiated this action by filing a complaint on November 27, 2022, against the

United States Department of Education, Office for Civil Rights ("OCR") and two of its

attorneys, Ebone Woods and Gary Kiang. (ECF 1.) On January 2, 2023, Plaintiff moved for

leave to file an amended complaint. (ECF 5.) The Court granted that application, and on April

10, 2023, Plaintiff filed an amended complaint again naming OCR, Woods, and Kiang, and

adding as defendants the State University of New York ("SUNY") and the Well Life Network

Incorporated ("WLNI"). (ECF 6, 13.) The amended complaint is the operative pleading, and the

following facts are drawn from that submission.

Plaintiff filed a complaint with OCR against SUNY, alleging that: (1) while he was doing

an internship with WLNI as part of the social work program in which he was enrolled at SUNY

Stony Brook, his supervisor, Jaclyn Levine, sexually harassed him; (2) he was retaliated against when he complained about patient treatment at WLNI; and (3) OCR attorneys Woods and Kiang issued a fraudulent and biased report finding that no discrimination or retaliation had occurred. According to Plaintiff, Woods and Kiang falsely reported that he had not raised concerns about patient treatment at WLNI, and that they damaged his reputation by failing to note his strong academic record. (*Id*. at 2.) Plaintiff further alleged that OCR rubber stamped their biased report and failed to provide a transparent appeal review process. Plaintiff characterizes his filing as a "*qui tam*" action, and he also invokes 18 U.S.C. § 1031. (*Id.*) Plaintiff has submitted a number of letters to the Court requesting various forms of relief. (ECF 8-10, 12, 14-16.)

Plaintiff has filed other complaints arising out of his enrollment in the Stony Brook social work program. In *James v. State University of New York*, ECF 1:22-CV-4856, 1 (JHR) (KHP) (S.D.N.Y. filed June 9, 2022) ("*James I*"), Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law, alleging that he was subjected to discrimination and retaliation. SUNY moved to dismiss the action, and Plaintiff filed an interlocutory appeal from orders denying recusal and other relief. On July 6, 2023, the Second Circuit dismissed the appeal for lack of jurisdiction. No. 23-287 (2d Cir. July 6, 2023). A report and recommendation, issued on July 27, 2023, recommends that the action be dismissed, under Fed. R. Civ. P. 41(b), for failure to prosecute. (ECF 112.)

In *James v. U.S. Dep't of Educ. Office for Civil Rights*, ECF 1:22-CV-5738, 6 (S.D.N.Y. filed July 5, 2022) ("*James II*"), Plaintiff alleged that OCR, Woods, and Kiang violated his civil rights and committed fraud in investigating his claims. In a detailed order, the Court dismissed Plaintiff's claims on sovereign immunity grounds, and also because the facts alleged did not state

viable claims under the Administrative Procedures Act (APA"), the Federal Tort Claims Act ("FTCA"), or Title VII. *Id.* (S.D.N.Y. Oct. 11, 2022).

In *James v. Well Life Network Inc.*, No. 22-CV-7469 (E.D.N.Y. filed Dec. 2, 2022) ("*James III*"), the court dismissed Plaintiff's original complaint for lack of subject matter jurisdiction and for lack of standing, and granted Plaintiff leave to file an amended complaint. Plaintiff filed an amended complaint against WLNI, WLNI Supervisor Levine, and SUNY, which is very similar to the amended complaint Plaintiff filed in this matter. On June 14, 2023, the Eastern District dismissed the amended complaint in *James III* for lack of subject matter jurisdiction, holding that: (1) Plaintiff could not assert any claims under 18 U.S.C. § 1031, a federal criminal statute; and (2) Plaintiff could not file a *qui tam* action *pro se*. *Id.*

## DISCUSSION

The Court dismisses Plaintiff's claims on the grounds set forth in orders issued in his prior cases. As detailed in the October 11, 2022, order in *James II*, the Court dismisses Plaintiff's claims against OCR, Woods, and Kiang on sovereign immunity grounds, and also because Plaintiff does not provide facts suggesting that he can state a viable claim under the APA, FTCA, or Title VII. ECF 1:22-CV-5738, 6.

As the Eastern District held in *James III*, a plaintiff cannot file a *qui tam* action *pro se*, *see United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro se.") (citations omitted); and a plaintiff cannot assert claims under 18 U.S.C. § 1031, a federal criminal statute, *see Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (holding that "the decision to prosecute is solely within the discretion of the prosecutor.").

The Court dismisses Plaintiff's claims against SUNY without prejudice to the claims pending in *James I*, No. 22-CV-4856.

**FURTHER LEAVE TO AMEND DENIED AND WARNING**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff another opportunity to amend.

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). A *pro se* litigant who has previously brought a similar case may be charged with knowledge of particular legal requirements. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

This is the fourth case Plaintiff has filed arising out of his experience in the SUNY social work program. Plaintiff is warned that continued duplicative litigation in this Court may result in an order directing him to show cause why he should not be barred from filing new actions IFP, arising out of these events, without prior permission. *See* 28 U.S.C. § 1651.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Plaintiff's claim against SUNY is dismissed without prejudice to the claim pending in No. 22-CV-4856. All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   August 3, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge